UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

CLAYTON JAMES HANKS,                           Case No. 14-CV-1349 (MJD/JJK)

                         Plaintiff,

v.                                                      AMENDED REPORT AND
                                                           RECOMMENDATION
ST. LOUIS COUNTY JAIL; ROBYN
WOJCIECHOWSKI; SCOTT RONNING;
and JOHN AND JANE DOES, each in their
official and individual capacities,

                         Defendants.

---

Plaintiff Clayton James Hanks — formerly an inmate at the St. Louis County Jail in

Duluth, Minnesota and currently an inmate at the Minnesota Correctional Facility at Oak Park

Heights, Minnesota — filed this action alleging that he was subject to unconstitutional

mistreatment during his confinement at the St. Louis County Jail.  Specifically, Hanks alleged

that several deputies at the St. Louis County Jail used excessive force against him by firing a

Tazer at him and placing him in a "restraint chair" for no reason.  In a Report and

Recommendation dated May 14, 2014, this Court recommended that Hanks's claims be

dismissed in their entirety, with the exception of the claims brought against the defendants then

identified as "Sgt. (FNU) Ronning" and "Robyn Wojo (LNU)."  *See* ECF No. 3.

In response to that Report and Recommendation, Hanks filed an amended complaint

dropping several of the previously named defendants in this lawsuit, but retaining the excessive-

force claims under 42 U.S.C. § 1983 brought against the defendants now identified as Robyn

Wojciechowski and Scott Ronning.[1]  Hanks also looks to bring claims against the St. Louis

County Jail under § 1983.  The May 14 Report and Recommendation is now largely moot on

account of the filing of Hanks's amended complaint (for example, dismissal of the claims

previously brought against the defendants no longer part of this litigation is not necessary).

Accordingly, this Court withdraws the previous Report and Recommendation.

This matter is now before the undersigned United States Magistrate Judge for screening

of Hanks's amended complaint under 28 U.S.C. § 1915A.  This Court recommends dismissal of

the St. Louis County Jail from this litigation.  As explained in the previous Report and

Recommendation, "county jails are not legal entities amenable to suit."  *See, e.g.*, *Owens v. Scott

Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (per curiam).  Hanks therefore cannot state a

claim against the St. Louis County Jail on which relief can be granted, and his claims against that

entity should be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b).  *See De La

Garza v. Kandiyohi Cnty. Jail, Correctional Institution*, 18 Fed. App'x 436, 437 (8th Cir. 2001)

(per curiam) (finding that dismissal of county jail should be without prejudice).

Conversely, this Court has already ordered that this lawsuit be allowed to proceed against

Wojciechowski and Ronning, provided that Hanks undertakes the steps necessary to effect

service of process on those defendants.  *See* ECF No. 4.  That order remains in force despite the

---

[1]Hanks also brings claims against several unidentified "John and Jane Does" who assisted in the use of allegedly excessive force against him.  Should these individuals later be identified, and should Hanks wish to proceed with claims against those individuals, Hanks may file a motion to amend his complaint for a second time identifying those individuals and explaining the basis on which Hanks believes those individuals to be liable.

filing of the amended complaint, and this Court does not recommend dismissal of any of the

other claims brought by Hanks in his amended complaint at this time.[2]

### RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS

HEREBY RECOMMENDED THAT defendant St. Louis County Jail be DISMISSED from this

action pursuant to 28 U.S.C. § 1915A(b).

Dated: September 3, 2014                  s/Jeffrey J. Keyes
                                        Jeffrey J. Keyes
                                        United States Magistrate Judge

### NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing
with the Clerk of Court, and serving all parties by **September 17, 2014**, a writing which
specifically identifies those portions of this Report to which objections are made and the basis of
those objections. Failure to comply with this procedure may operate as a forfeiture of the
objecting party's right to seek review in the Court of Appeals. A party may respond to the
objecting party's brief within fourteen days after service thereof. All briefs filed under this rule
shall be limited to 3500 words. A district judge shall make a de novo determination of those
portions of the Report to which objection is made. This Report and Recommendation does not
constitute an order or judgment of the District Court, and it is therefore not appealable directly to
the Eighth Circuit Court of Appeals.

---

[2]Wojciechowski and Ronning have already filed an answer to Hanks's original
complaint. *See* ECF No. 16. The substantive allegations against those defendants in Hanks's
amended complaint appear to be substantially similar to the allegations in his original complaint.
Accordingly, those defendants need not file an amended answer unless they believe that an
amended answer is necessary to admit or deny any new allegation in the amended complaint.